785 F.2d 926
 14 Bankr.Ct.Dec. 491, Bankr. L. Rep. P 71,070
 In re David Larry DAVIS, Debtor.
Charles A. GOWER, Trustee of Estate of David Larry Davis,
Plaintiff-Appellant,
v.
FARMERS HOME ADMINISTRATION, an agency of the United States
of America, Defendant-Appellee.
 No. 85-8618.
 United States Court of Appeals,
Eleventh Circuit.
 March 31, 1986.
 
 Charles A. Gower, Columbus, Ga., Thomas J. Loftiss II, Thomasville, Ga., J. Patrick Ward, Cario, Ga., for plaintiff-appellant.
 Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before VANCE, Circuit Judge, HENDERSON*, Senior Circuit Judge, and LYNNE**, Senior District Judge.
 VANCE, Circuit Judge:
 
 
 1
 This case concerns the bankruptcy of farmer David Larry Davis who in 1981 had borrowed $985,000 from the Farmers' Home Administration (FmHA) to finance his 1981 crop. Acting under 11 U.S.C. Sec. 544, the trustee in bankruptcy obtained a decision from the bankruptcy court requiring FmHA to return to the bankrupt's estate $282,847.39 plus interest and directing the trustee to turn over an additional $52,327.07 plus interest held in escrow pending the outcome of the litigation. The bankruptcy court found the money to be in part an illegal preference payment to FmHA under 11 U.S.C. Sec. 547(b) and (c)(5).[1] It found FmHA's total claim subject to equitable subordination under 11 U.S.C. Sec. 510 because of FmHA's misconduct in obtaining the money.[2] The district court on review found that Davis had defrauded FmHA in obtaining the loan by giving false collateral and by using the proceeds of the 1981 loan to pay what remained on his 1980 loan. The district court entered a summary judgment dismissing the trustee's claim under 28 U.S.C. Sec. 2514 as forfeited because tainted by the debtor's fraud.[3] The trustee appeals. We reverse.
 
 
 2
 The trustee in bankruptcy may "avoid any transfer of an interest of the debtor in property ... that is voidable under applicable law by a creditor holding an unsecured claim...." 11 U.S.C. Sec. 544(b). The trustee acting under section 544 represents the creditors. American National Bank v. MortgageAmerica Corp., 714 F.2d 1266, 1275 (5th Cir.1983); see also Deel Rent-A-Car, Inc. v. Levine, 721 F.2d 750, 756-57 (11th Cir.1983). Since the trustee's claims are for the benefit of the creditors, the fraud of the bankrupt does not require them to be forfeited. Podell & Podell v. Feldman (In re Leasing Consultants Inc.), 592 F.2d 103, 110-11 (2d Cir.1979).
 
 
 3
 Even if the claim had been the bankrupt's own, 28 U.S.C. Sec. 2514 cannot serve as the ground for forfeiture. Section 2514 applies to actions in the United States Claims Court. This case was in the bankruptcy court and the district court. The district court found section 2514 applicable under concurrent jurisdiction granted by 28 U.S.C. Sec. 1346(a)(2). That section applies only to claims under $10,000.[4] This claim is for many times that amount. Therefore, this case is REVERSED and REMANDED to the district court for proceedings consistent with this opinion.[5]
 
 
 
 *
 See Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 Section 547 in essence permits the trustee to avoid payments made by a debtor to one creditor at the expense of others within 90 days before the bankruptcy or, if the chosen creditor was an insider, within one year before the bankruptcy. The section protects all creditors from any unfair advantage granted by the debtor to any of their number
 
 
 [2]
 Section 510 states in relevant part:
 (c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may--
 (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or
 (2) order that any lien securing such a subordinated claim be transferred to the estate.
 
 
 [3]
 Section 2514 states:
 A claim against the United States shall be forfeited to the United States by any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance thereof.
 In such cases the United States Claims Court shall specifically find such fraud or attempt and render judgment of forfeiture.
 
 
 [4]
 Section 1346 states in relevant part:
 (a) The district court shall have original jurisdiction, concurrent with the United States Claims Court, of:
 ....
 (2) Any ... civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of any executive department, or upon any express or implied contract with the United States....
 
 
 [5]
 The district court did not reach the bankruptcy court's preference and equitable subordination findings and so, of course, we express no opinion on their validity